# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MILE PEJCIC** ) | |
| Neznanih junaka 5, ) | |
| 76300 Bijeljina, ) | |
| Bosnia and Herzegovina ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | No. 1-19-cv-2437 |
| ) | |
| **ANDREA M. GACKI** ) | |
| in her official capacity as ) | |
|    Director of the Office of Foreign Assets Control ) | |
|    U.S. Department of Treasury ) | |
|    1500 Pennsylvania Avenue NW ) | **COMPLAINT FOR** |
|    Washington, DC 20220 ) | **DECLARATORY** |
| ) | **AND INJUNCTIVE** |
| and ) | **RELIEF IN THE** |
| ) | **NATURE OF** |
| ) | **MANDAMUS AND** |
| **U.S. DEPARTMENT OF TREASURY** ) | **FOR ATTORNEYS** |
| **OFFICE OF FOREIGN ASSETS CONTROL** ) | **FEES AND COSTS** |
|    Department of Treasury ) | |
|    1500 Pennsylvania Avenue NW ) | |
|    Washington, DC 20220 ) | |
| ) | |
| *Defendants* ) | |

Petitioner Mile Pejcic ("Pejcic") brings this complaint for declaratory relief and a Writ of Mandamus, declaring that there has been unreasonable delay and compelling Andrea M. Gacki and the U.S. Department of Treasury's Office of Foreign Assets Control ("OFAC") to decide on his 2017 request to be removed from the Specially Designated Nationals List ("SDN List"). In support of this complaint, he alleges the following:

## PARTIES

1. Plaintiff Mile Pejcic is a citizen of Bosnia and Herzegovina and resides at Neznanih junaka 5, in the town of Bijelina, Bosnia and Herzegovina.

2. Defendant Andrea M. Gacki is the Director of the Office of Foreign Assets Control, U.S. Department of Treasury. She is sued in her official capacity.

3. Defendant OFAC is an administrative agency of the United States Department of Treasury, located at 1500 Pennsylvania Avenue NW, Washington, DC 20220. OFAC is responsible for administering and enforcing economic and trade sanctions against targeted foreign countries and individuals. To accomplish this task, OFAC maintains the SDN List.

## JURISDICTION AND VENUE

4. The Court has jurisdiction under the Mandamus Act, 28 U.S.C. 1361, the Declaratory Judgement Act, 28 U.S.C. 2201(a), 2202, and the Administrative Procedure Act, 5 U.S.C. 706(1). The Court has jurisdiction over the subject matter of claims pursuant to 28 U.S.C. 1331. The Court has jurisdiction to award attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2).

5. Venue is proper in the District of Columbia pursuant to 28 U.S.C. 1391(b) and (e).

## FACTS

6. On May 28, 2003, President Bush issued Executive Order 13304, authorizing the Secretary of the Treasury to block all property and interests in property of persons who actively obstructed, or pose a significant risk of actively obstructing, the Dayton Accords relating to Bosnia and Herzegovina, including the harboring of individuals

indicted by the International Criminal Tribunal for the former Yugoslavia ("ICTY"). The blocked persons were placed on the SDN List.

7. On June 30, 2004, OFAC added Pejcic to the SDN List as part of a coordinated action with the Office of High Representative for Bosnia and Herzegovina, who at the same time removed Pejcic from his position as Chief of Police in the town of Bijeljina for allegedly providing support to ICTY fugitive Radovan Karadzic.

8. Radovan Karadzic was arrested on July 18, 2008 in Serbia. On March 20, 2019, Karadzic was sentenced to life imprisonment by the successor to the ICTY. He remains in the custody of the United Nations.

9. Pejcic never provided any support to Radovan Karadzic.

10. In any event, the circumstances that led to Pejcic's placement on the SDN list no longer apply after the arrest of Radovan Karadzic in 2008.

11. The Office of High Representative for Bosnia and Herzegovina lifted the employment ban on Pejcic after Karadzic's arrest.

12. On March 6, 2017, Pejcic wrote to OFAC seeking to have the decision adding him to the SDN List reconsidered and rescinded, pursuant to 31 CFR 501.807. OFAC confirmed receipt of this letter on March 10, 2017.

13. On May 30, 2017, OFAC sent Pejcic a request for further information.

14. On August 11, 2017, Pejcic provided OFAC with all of the information it had requested.

15. OFAC has failed to make a decision on Pejcic's request.

16. From June 30, 2004 to the present day, Pejcic has suffered severe harm as a result of being placed and retained on the SDN list, including loss of employment, being

unable to open or maintain a bank account, being delayed when crossing international borders, and the stigma from being suspected of obstructing the Dayton Accords and harboring persons indicted by the ICTY.

**FIRST CAUSE OF ACTION**

UNREASONBLE DELAY IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT SUFFICIENT TO WARRANT A DECLARATORY JUDGEMENT

17. Pejcic incorporates paragraphs 1-16 by reference.

18. As a person listed on the SDN List, Pejcic had the right, under 31 C.F.R. 501.807, to seek administrative reconsideration of his designation and removal from the list and to receive a written decision from OFAC.

19. Under the Administrative Procedure Act, 5 U.S.C. 706(1), Pejcic has the right to judicial review of OFAC's actions, including the right to ask the court to "compel agency action unlawfully withheld or unreasonably delayed."

20. OFAC has violated the Administrative Procedure Act by unreasonably delaying its decision on Pejcic's request for removal from the SDN List.  The Court should declare the 2 ½ year delay to be unreasonable.

**SECOND CAUSE OF ACTION**

UNREASONBLE DELAY IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT SUFFICIENT TO WARRANT MANDAMUS

21. Pejcic incorporates paragraphs 1-20 by reference.

22. A Writ of Mandamus is an appropriate remedy whenever an applicant demonstrates a clear right to have a government official perform his or her duty.  Because OFAC could keep him in perpetual legal limbo by not deciding on his request, Pejcic has no other adequate means to attain the relief he desires.  Thus, an order of mandamus

directed to OFAC compelling it to decide on Pejcic's request within a specified time is appropriate in this case.

### THIRD CAUSE OF ACTION

### UNREASONBLE DELAY IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT SUFFICIENT TO WARRANT PAYMENT OF ATTORNEYS FEES AND COSTS

23. Pejcic incorporates paragraphs 1-20 by reference.

24. An award of attorneys fees and costs may be entered pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2) in a civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

25. The position of the United States in this case was not substantially justified, as the delay in adjudicating Pejcic's application was unreasonable.

26. There are no special circumstances in this case that would make an award of attorneys' fees and costs in this case unjust.

### PRAYER FOR RELIEF

27. WHEREFORE, Petitioner Mile Pejcic respectfully prays that this Court:

a. Declare the delay in adjudicating Pejcic's request to be removed from the SDN List to be unreasonable;

b. Issue a writ of mandamus ordering OFAC to decide on Pejcic's request to be removed from the SDN List within 30 days;

c. Award Pejcic attorneys' fees and costs incurred in this action; and

d. Award Pejcic other and further relief as this Court deems just and proper.

Dated: August 12, 2019

        Respectfully submitted,

        By: /s/ Peter Robinson_____

        Peter Robinson
        P.O. Box 854
        Raleigh, North Carolina 27602
        Telephone: (707) 575-0540
        E-mail: peter@peterrobinson.com
        Bar No. NC013

        Attorney for Plaintiff Mile Pejcic